CAUSE NOS. 863886; 866458; 866459   79,927-02,03,0

Samuel Prophet Davis
MOVANT

VS.

The State of Texas

**MOTION DENIED**
DATE: 5-11-15
BY: PC

✳   TRIAL NOS. 79,927-02. 79,972-03
                79,927-04

✳   IN The Court of Criminal Appeals

✳   MOTION DENIED
DATE:
BY:

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**
**APR 17 2015**
**Abel Acosta, Clerk**

## Motion of Rebbutal

To The Honorable Judges of said court:

Comes Now Samuel Prophet Davis, Applicant in the above cause writ numbers styled And file this motion of rebbutal.
In support of this motion Applicant will show the following.

## I.

On 4·7·15 Applicant recieved A notice of An affidavit filed by his original Attorney on 3·19·15. The affidavit was filed in the 263rd District Court of Texas Harris County. All of the Applicants previous paper work has been filed in the 209th District Court of Harris County Texas.

## II.

Applicant contends that No order of transfer was presented on behalf of said courts above. According to law the Judical District Act of 1969 Provides for the transfer of cases and exchange of benches between the district courts of various counties. See.. Section 24.303 of the V.T.C.A. Government Code. There are seperate district courts. identified by seperate numbers, such having its own judge and geographical "Jurisdiction. In a number of Areas. the geographical jurisdiction of two (2) or more district courts is overlapping in some counties. Even as specified

by the the 6th Amendments to the United States Constitution the accused is entitled to trial within the district the crime was alleged to have been committed, which district shall have been previously ascertain by law. A formal order is needed to affect the transfer of cases between two (2) district courts in counties with two or more district courts, however. No such order is needed for exchange of benches. See.. Norton V. State, 918 S.W. 2d 25 (Tex. App. 14th dist 1996). Unless the power or authority of a court to perform a contemplated act can be found in the Constitution of this State, or the laws enacted there under, that courts is with out subject matter jurisdiction. See.. Galtiz V. State, 617 S.W. 2d 949 (Tex. Cr. App. 1981). In the instant case the offense was alleged to have occured within 179th Judicial District of Harris County, Texas. The affidavit was conducted in the 263rd district court and absent is a transfer order which should be voided.

## PRAYER

Applicant prays that this motion be granted and said affidavit be voided.

With Loyalty Towards the Dignity of this court.

Respectfully submitted

Samuel Saws
—————————————
SIGNATURE OF APPLICANT.

Date: 4·15·15

## Certificate of Service

I Samuel Prophet Davis. #1073478. hereby certify that this motion of Rebbutal was mailed by U.S.P.S. to:

Chris Daniel. on 4.15.15

Executed on 4.15.15